**Allen Stuart HERSCHAFT,
Plaintiff–Appellant,**

v.

**NY BOARD OF ELECTIONS,
Defendant–Appellee.**

No. 01–9094.

United States Court of Appeals,
Second Circuit.

May 13, 2002.

Allen Stuart Herschaft, pro se, Brooklyn, NY, for Appellant.

Janet L. Zaleon, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Kristin M. Helmers, of counsel), New York, NY, for Appellee.

Present: MINER, SACK, Circuit Judges, RICHARD M. BERMAN,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

The plaintiff appeals from the district court's entry of summary judgment against him on his claims that: (1) the defendant violated the Americans with Disabilities Act ("ADA") by refusing to provide the plaintiff with extra time to collect nominating signatures for his election petition; (2) the defendant violated the plaintiff's rights under the Rehabilitation Act for the same reason; and (3) New York Election Law § 6–138(4), which requires candidates to collect signatures, violates the Equal Protection Clause.

We concur in the reasoning and judgment of the district court. The plaintiff's ADA claim fails because the plaintiff has not shown that his socialization problems and sporadic lapses in his ability to care for himself constitute substantial limitations. *See Bragdon v. Abbott,* 524 U.S. 624, 639, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998) (under the ADA a plaintiff must show a "substantial limit" on a major life activity). The plaintiff's claim under the Rehabilitation Act fails because the defendant does not receive federal funding. *See* 29 U.S.C. § 794(a). And the plaintiff's equal protection claim fails because the plaintiff has not shown that the purpose of New York Election Law § 6–138(4) is to discriminate against disabled individuals. *Johnson v. Wing,* 178 F.3d 611, 615 (2d Cir.1999) (a facially neutral statute only violates the Equal Protection Clause where its effect on disabled individuals reflects "purposeful discrimination").

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

* Of the United States District Court for the Southern District of New York, sitting by designation.