RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0372P (6th Cir.)
File Name: 03a0372p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

COMMUNITY HEALTH PLAN
OF OHIO,
*Plaintiff-Appellee,*

v.

JOSEPH J. MOSSER,
*Defendant-Appellant.*

No. 01-4095

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-00961—George C. Smith, District Judge.

Argued: February 6, 2003

Decided and Filed: October 21, 2003

Before: SILER and ROGERS, Circuit Judges; GWIN,
District Judge.[*]

_____

[*] The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

_____

## COUNSEL

**ARGUED:** J. Gerard Swank, SWANK & ASSOCIATES,
Newark, Ohio, for Appellant. Daran P. Kiefer, KREINER
& PETERS, Cleveland, Ohio, for Appellee. **ON BRIEF:**
J. Gerard Swank, SWANK & ASSOCIATES, Newark,
Ohio, William F. Goodrich, GOODRICH, GOODRICH &
LAZZARA, Pittsburgh, Pennsylvania, for Appellant.
Daran P. Kiefer, Ted M. Traut, KREINER & PETERS,
Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

GWIN, District Judge. With this appeal, we examine
whether the district court erred when it granted Plaintiff-
Appellee Community Health Plan of Ohio ("CHPO")
summary judgment on its claims for specific performance
and restitution against Defendant-Appellant Joseph J.
Mosser ("Mosser").

In reviewing Mosser's appeal, we first consider whether
the federal courts have jurisdiction over this case. Under
the recent United States Supreme Court decision in *Great-
West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204,
122 S. Ct. 708, 151 L. Ed. 2d 635 (2002), federal subject
matter jurisdiction does not exist in this matter, and
therefore, this case is not properly before the federal courts.
Finding that the district court did not have jurisdiction over
this case, we REVERSE and REMAND this case with
directions that the district court dismiss this case for lack of
subject matter jurisdiction.

This case arises from efforts by an insurance company, CHPO, to enforce its plan's subrogation provision. The subrogation provision requires those insured by CHPO to cooperate with CHPO in its efforts to recover amounts CHPO paid on the insured's behalf. Although the subrogation provision states no explicit obligation to reimburse the insurer for monies received from tortfeasors, CHPO says such a duty should be found in the subrogation provision.

Appellant Mosser says that under the Supreme Court's recent holding in *Great-West Life*, the district court, and this court, do not have jurisdiction to entertain this action. Arguing that federal courts are courts of limited jurisdiction, not courts of general jurisdiction, Mosser says that district courts are empowered to hear only those cases that the Constitution and Congress have given them jurisdiction over. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982); *Sweeton v. Brown*, 27 F.3d 1162, 1167 (6th Cir. 1994) ("Federal courts are courts of limited jurisdiction and are empowered to hear only such cases as are within the judicial power of the United States as defined in Article III, § 2 of the Constitution.").

While Mosser denies that the district court had jurisdiction over this action, Mosser says that even if the district court had jurisdiction, it incorrectly found the subrogation provision required reimbursement. In addition, Mosser says the district court wrongly found that the subrogation provision gave explicit notice that CHPO claimed a priority right to proceeds recovered from third-party tortfeasors and that CHPO claimed this right even when the injured insured had not been made whole for his damages.

CHPO, an Ohio company, insures the Licking Memorial Hospital through its Employee Health Benefit Plan (the

"Plan"). In this case, CHPO sued Mosser, a Plan participant, in the U.S. District Court for the Southern District of Ohio, requesting specific performance and restitution. With its lawsuit, CHPO sought to recover medical benefits that CHPO paid on Mosser's behalf. Mosser incurred the medical expenses as a result of injuries he sustained in an automobile accident.

CHPO claimed that the Plan's provision titled "Subrogation" gave CHPO the right to recover the money paid on Mosser's behalf because Mosser recovered money in a settlement with the alleged tortfeasor. Responding to CHPO's complaint, Mosser asserted a counterclaim for bad faith. Both parties moved for summary judgment. The district court granted CHPO summary judgment on its claim for specific performance and restitution, and denied Mosser summary judgment on his bad faith claim. Mosser appeals the district court's grant of the defendant's motion for summary judgment. He does not appeal the district court's denial of his motion for summary judgment on the bad faith claim.

In his appeal, Mosser claims that Pennsylvania law applies to this matter and prohibits CHPO from obtaining subrogation or reimbursement from Mosser. Mosser also claims that the Plan precludes CHPO from recovering the funds it paid Mosser because the Plan's "Subrogation Provision" is both ambiguous and not a reimbursement provision. CHPO claims it is entitled to recover the funds because Ohio law applies to this matter and the applicable Ohio law is preempted by ERISA. CHPO further argues that the plan's subrogation provision is not ambiguous and is, in fact, also a reimbursement provision.

History

On October 1, 1995, Joseph J. Mosser, an Ohio resident, was involved in an automobile accident in Murrysville,

Westmoreland County, Pennsylvania. A negligent Murrysville police officer caused the accident when he ran a red light. As a result of the accident, Mosser sustained severe personal injury.

At the time of the accident, CHPO insured Mosser as a Licking Memorial Employee Health Benefit Plan covered participant. As a covered participant, CHPO paid most of Mosser's hospital and medical expenses. CHPO says it paid $261,267.27 in medical expenses on Mosser's behalf.

Mosser later settled his claims against the City of Murrysville (the "Murrysville Settlement"). After the Murrysville Settlement, Mosser did not reimburse CHPO for the monies that CHPO had paid on his behalf. In September 1999, CHPO filed a breach of contract claim against Mosser requesting specific performance and restitution for medical payments made by CHPO on Mosser's behalf.

CHPO based its specific performance and restitution claims on a provision within the CHPO Plan which states:

### SUBROGATION

CHPO has a right of recovery against any person, firm or organization for medical, hospital or other health services provided by the Plan to you or your Dependents. This applies to any money recovered by suit, settlement or otherwise. You must cooperate with the plan in all actions necessary to do this. If legal collection costs are incurred on a contingency fee basis, these costs will be deducted before the remaining sum is distributed to the Plan and the Enrollees.

On August 30, 2001, the district court awarded CHPO summary judgment on its claims against Mosser. Mosser filed a timely notice of appeal.

### Standard of Review

We review the district court's summary judgment decision *de novo*. *Flint v. Kentucky Dep't of Corr.,* 270 F.3d 340 , 346 (6th Cir. 2001). Summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering such a motion, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

### Analysis

Defendant-Appellant Mosser raised the issue of subject matter jurisdiction for the first time in his reply brief. We generally will not hear issues raised for the first time in a reply brief. *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). "Court decisions have made it clear that the appellant cannot raise new issues in a reply brief, he can only respond to arguments raised for the first time in appellee's brief." *Id*. (quoting *United States v. Jerkins*, 871 F.2d 598, 602 n.3 (6th Cir. 1989)).

Despite the general rule that we will not hear issues raised for the first time in a reply brief, "[t]he existence of subject matter jurisdiction, moreover, is an issue that may be raised at any time, by any party or even *sua sponte* by

the court itself." *Ford v. Hamilton Inv., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994). Any court may address the issue of subject matter jurisdiction at any time, with or without the issue being raised by a party to the action. *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997). Therefore, we will hear Mosser's subject matter jurisdiction issue despite the fact that he raised it for the first time in his reply brief.

The Employee Retirement Income Security Act ("ERISA") does not authorize actions brought by ERISA plan fiduciaries against plan beneficiaries to enforce plan reimbursement provisions through money damages. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002). In *Knudson*, an ERISA plan fiduciary brought an action against a plan beneficiary to enforce a reimbursement provision in the plan and to compel that beneficiary to make restitution to the plan from a recovery that she obtained from a third-party tortfeasor. *Id*. The Supreme Court held that when a fiduciary seeks to impose personal liability on a plan beneficiary for a contractual obligation to pay money, the action is an action at law, not an action in equity. *Id*. at 209-10. Since 29 U.S.C. § 1132(a)(3) only authorizes actions seeking equitable relief, ERISA does not provide jurisdiction for fiduciaries seeking to enforce a contract's reimbursement provisions through money damages. *Id*. at 209-10.[1]

---

[1]*See also Cmty. Ins. Co. v. Morgan*, No. 99-6669, 2002 WL 31870325 (6th Cir. Dec. 20, 2002). *Community Insurance* involved an Administrator of a motorist's health insurance plan filing suit under ERISA against the motorist, the tortfeasor, and the motorist's automobile insurer. *Id*. at *2. The Administrator sought reimbursement for benefits paid by plan to motorist to cover his medical expenses resulting from injuries he incurred in the motor vehicle accident. *Id*. In deciding *Community Insurance*, this Court held:

To be authorized under § 1132(a)(3), CHPO's claim must be one "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." *Cmty. Ins. Co. v. Morgan*, No. 99-6669, 2002 WL 31870325 at *11 (6th Cir. Dec. 20, 2002).

CHPO, like Great-West in *Knudson*, does not seek equitable relief, but rather "seek[s] legal relief – the imposition of . . . liability on respondents for a contractual obligation to pay money." *Knudson*, at 221; *see also Cmty. Ins.* at *12. In *Knudson*, the Supreme Court noted that "the term 'equitable relief' in [29 U.S.C. § 1132(a)(3)] must refer to 'those categories of relief that were *typically* available in equity. . . .'" *Id*. at 210 (quoting *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 256 (1993)).

Mosser, like the petitioners in *Knudson*, seeks restitution. *Id*. at 212. In determining that the insurer's restitution claim was not cognizable under § 1132(a)(3), the Supreme Court in *Knudson* distinguished between restitution in equity and restitution at law. *Id*. at 212-15. As the Court noted, "whether [restitution] is legal or equitable depends on 'the basis for [the plaintiff's] claim' and the nature of the underlying remedies sought." *Id*. at 213 (second alteration in original) (quoting *Reich v. Cont'l Cas. Co.*, 33 F.3d 754, 756 (7th Cir. 1994)).

---

We hold that Community, like Great-West, does not seek equitable relief, but rather "seek[s] legal relief – the imposition of . . . liability on respondents for a contractual obligation to pay money." *Knudson*, 122 S. Ct. at 719. For that reason, as was the case with Great-West, § 1132(a)(3) does not authorize this action.

*Id*. at *12.

At oral argument, CHPO argued that subrogation is an equitable remedy, and therefore, its personal liability suit against Mosser is justified. CHPO's claim, however, cannot be considered a subrogation claim. Equitable subrogation, also known as legal subrogation, is an equitable remedy that prevents the unjust enrichment of a defendant-obligor. Restatement (First) of Restitution § 162 (1937); 1 Dan B. Dobbs, Law of Remedies § 4.3(4) (2d ed. 1993) (hereinafter Dobbs). Unjust enrichment is prevented by granting the plaintiff a right to exercise those remedies that the obligee had before the obligation was discharged. *See* Restatement (First) of Restitution § 162 cmt. a; 1 Dobbs § 4.3(4). Applying that remedy here, CHPO would be granted Mosser's rights against the city of Murraysville, not a judgment of personal liability against Mosser.[2] Thus, the nature of equitable subrogation as a remedy, and the parties involved, would not justify judgment against Mosser under § 1132(a)(3).[3]

Nor would CHPO's restitution claim be cognizable under § 1132(a)(3) as a claim for either a constructive trust or an equitable lien. As the *Knudson* court noted, at equity these remedies contemplated a situation in which "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Knudson*, 534 U.S. at 213. CHPO did not, in its complaint, allege that it had given certain funds to Mosser, trace those funds to the settlement funds from Murraysville, allege that Mosser was unjustly enriched by retaining the settlement funds, and seek the return of the settlement funds in Mosser's possession.[4] Rather, CHPO sought "restitution from the Defendant for all covered services." (R.1, Complaint, ¶ 13, J.A. at 9). Thus, the basis of CHPO's claim was not an assertion of the right to possess certain settlement funds, but essentially a claim in contract (actual or implied) to impose personal liability on Mosser. Such a claim is restitution at law and is not within the scope of § 1132(a)(3). *Knudson*, 534 U.S. at 212-13.

As CHPO's claim is outside the scope of § 1132(a)(3), subject matter jurisdiction is not proper under § 1132(e). *See* 29 U.S.C. § 1132. CHPO's claim did not implicate any other ERISA subsection that would permit this action, and federal question jurisdiction does not exist under 28 U.S.C. § 1331 if ERISA does not authorize the suit.[5] *See Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 442 n.6 (5th Cir. 2002); *see also Unicare Life & Health Ins. Co. v. Saiter*, No. 00-3856, 2002 WL 1301574, at **1-2 (6th Cir. June 10, 2002). Finally, as the parties are not diverse,

---

[2] CHPO attempts to blur the line between equitable subrogation and reimbursement to fit its claim within the scope of § 1132(a)(3). As we have noted in discussing conventional subrogation, the two doctrines are distinct. *See Hiney Printing Co. v. Brantner*, 243 F.3d 956, 959 (6th Cir. 2001).

[3] Even if this were a true subrogation claim, it is not clear whether such a claim would be equitable for the purposes of § 1132(a)(3). *See* Restatement (Third) of Restitution Unjust Enrichment § 26 cmt. a (Tentative Draft No. 2, 2002) ("Neither the fact that the remedy of subrogation is equitable in origin, nor the fact that a claim under this Section will frequently be identified as a claim to 'equitable subrogation' should be taken as establishing that a claim under this Section is necessarily 'equitable' rather than 'legal.' . . . So long as the claimant seeks only money judgment against the defendant . . . a claim with § 26 . . . draws on sources that are at least as much legal as equitable.").

[4] We need not decide whether or in what circumstance such a restitution claim could result in the imposition of a constructive trust or an equitable lien as a remedy.

[5] Subsection 1132(a)(3) is one subsection of three that permits a civil action under ERISA by a plan fiduciary such as CHPO. 29 U.S.C. § 1132. The other two subsections, § 1132(a)(2) and § 1132(a)(9), are not implicated by CHPO's claim.

jurisdiction is not proper under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1332.

### Conclusion

For the foregoing reasons, we conclude that the district court lacked subject matter jurisdiction over this matter, and therefore we REMAND with instructions to DISMISS this matter for lack of jurisdiction.