**QUALCHOICE, INC., Plaintiff–
Appellant,**

v.

**Olga IACOFANO, Defendant–Appellee.**

No. 02–3807.

United States Court of Appeals,
Sixth Circuit.

Feb. 13, 2004.

Daran P. Kiefer, Ted M. Traut, Kreiner & Peters, Cleveland, OH, for Plaintiff–Appellant.

Olga Iacofano, pro se, Willowwick, OH, for Defendant–Appellee.

Before BATCHELDER and COLE, Circuit Judges; and HOOD,* District Judge.

BATCHELDER, Circuit Judge.

Because I do not believe this case to be controlled by the recent decision in *Community Health Plan of Ohio v. Mosser*, 347 F.3d 619 (6th Cir.2003), I respectfully dissent from the majority's decision. It is clear that as originally pursued the instant case fell squarely within the bounds of the Supreme Court precedent in *Great–West Life & Annuity Ins. Co. v. Knudson*, 534

U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), as QualChoice, like Great–West, sought specific performance of a subrogation agreement and restitution. As stated in *Knudson*, this sort of relief would have called for an imposition of liability on the defendant that falls afoul of the jurisdictional restrictions of § 502(a)(3) of the Employment Retirement Income Security Act of 1974. 29 U.S.C. § 1132(a)(3). However, the amended complaint seeks remedies that are explicitly declared to be allowed, even under the Supreme Court's rather narrow reading of "equitable relief," i.e., the imposition of constructive trusts or equitable liens. In *Knudson*, the Court, rejecting Great–West's description of its restitution claims as legal rather than equitable, stated. "The basis for [Great West's] claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to *some* funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable—the imposition of a constructive trust or equitable lien on particular property—but legal—the imposition of personal liability for the benefits that they conferred upon respondents." *Knudson*, 534 U.S. at 214, 122 S.Ct. 708.

Appellant Qualchoice appeals the district court's order dismissing this claim for recovery of the amounts paid by Qualchoice on behalf of Olga Iacofano, pursuant to Qualchoice's obligation to pay medical expenses under an ERISA plan. Because we conclude that this case is governed by our recent opinion in *Community Health Plan of Ohio v. Mosser*, 347 F.3d 619 (6th Cir.2003), we affirm the judgment of the

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

district court dismissing the complaint for lack of jurisdiction.

R. GUY COLE, Jr., Circuit Judge, dissenting.

COLE, Circuit Judge.

This Circuit's recent decision in *Community Health Plan of Ohio v. Mosser*, 347 F.3d 619 (6th Cir.2003), upon which the majority rests its decision, does not address this court's jurisdiction over the sorts of remedies that QualChoice seeks, and therefore does not control the disposition of this case. In *Mosser*, the Community Health Plan of Ohio sought a remedy that was indistinguishable from that rejected in *Knudson*. Here, QualChoice seeks a remedy that is clearly equitable. What is required in this case is a determination by the district court that the remedy that QualChoice seeks is actually available. This means, according to *Knudson*, that the district court was required to determine whether the funds sought are in the actual possession of the defendant in a form against which equitable relief can be levied. This is supported by *Knudson*, where the Court states, "[A] plaintiff could seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could be *clearly traced to particular funds or property in the defendant's possession*. A court could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was in the eyes of equity,

the true owner. But where the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, [the plaintiff's] claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant." *Knudson*, 534 U.S. at 213–14, 122 S.Ct. 708. (internal citations omitted) (emphasis added).[1]

In this case, we do not know what has become of the funds that were disbursed to the defendant, or whether she is in actual possession of them. There being no evidence regarding the current status of the monies that were disbursed, this case should be remanded to the district court for factual findings to determine if there is a particular fund that can be "clearly traced" from the disbursement to the defendant. This is consistent with the Supreme Court's decision in *Knudson*. Therefore, I would VACATE the order of the district court dismissing this action, and REMAND for additional proceedings consistent with the above.

---

1. This reading of *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), is also consistent with *Mosser*, in which the court articulated the proper form of a claim for equitable relief, stating: "[The Community Health Plan of Ohio] did not, in its complaint, allege that it had given certain funds to Mosser, trace those funds to the settlement funds from Murrysville, allege that Mosser was unjustly enriched by retaining the settlement funds, and seek the return of the settlement funds in Mosser's possession." *Community Health Plan of Ohio v. Mosser*, 347 F.3d 619, 624 (6th Cir.2003).