**PROFESSIONAL CLAIMS MANAGE-MENT; Coburn Employee Benefit Plan, Plaintiffs–Appellants,**

**v.**

**Christine CARVER, Defendant–Appellee.**

No. 02–3484.

United States Court of Appeals, Sixth Circuit.

Feb. 13, 2004.

Daran P. Kiefer, Ted M. Traut, Kreiner & Peters, Cleveland, OH, for Plaintiffs–Appellants.

Thomas L. Mason, Mason, Mason & Kearns, Ashland, OH, Michael T. Williams, Daniel W. Dreyfuss, Cleveland, OH, for Defendant–Appellee.

Before NORRIS, BATCHELDER, and COLE, Circuit Judges.

## MEMORANDUM OPINION

ALAN E. NORRIS, Circuit Judge.

Professional Claims Management ("PCM") administers a health insurance plan which qualifies as a welfare benefit plan as defined by the Employee Retirement Income and Security Act of 1974 ("ERISA") on behalf of Coburn, Inc. Defendant Christine Carver's husband worked for Coburn. and he and his wife were covered by the plan. Plaintiffs PCM and Coburn seek reimbursement for medical benefits paid to defendant in the wake of an automobile accident. They contend that, under the terms of the plan, they are entitled to repayment from defendant because she subsequently received a civil judgment from the driver who hit her in the amount of $75.000. The parties consented to have the matter determined by a magistrate who granted summary judgment in favor of defendant on the theory that she had not been "made whole" by the civil judgment.

Although she did not raise it below, defendant asserts that the district court lacked subject matter jurisdiction. It is axiomatic that federal subject matter jurisdiction may be raised at any time. *See Taubman Co. v. Webfeats,* 319 F.3d 770, 773 (6th Cir.2003). Furthermore, "[w]henever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). In support of her position, defendant relies upon *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), which the Supreme Court decided two months before summary judgment was entered in this case.

ERISA provides in pertinent part: "A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan...." 29 U.S.C. § 1132(a)(3). In *Knudson,* the Court construed the term "equitable relief" to mean that courts must "limit restitution to the return of identifiable funds (or property) belonging to the plaintiff and held by the defendant—that is, ... limit restitution to the form of restitution traditionally available in equity." *Knudson,* 534 U.S. at 216. As in the case before us, the beneficiary of the plan was injured in an automobile accident. She filed a civil suit against the manufacturer of her automobile and other alleged tortfeasors, which ultimately settled for $650.000. This sum was divided among a "special needs trust" for plaintiff, her attorneys. California's Medicaid program, and Great–West. Unsatisfied with its share of the proceeds. Great–West filed suit in federal court pursuant to ERISA seeking $411,157.11 of the settlement. The Court concluded that federal subject matter jurisdiction was lacking because Great–West sought legal, not equitable relief:

In cases in which the plaintiff could *not* assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him. the plaintiff had a right to restitution *at law* through an action derived from the common-law writ of assumpsit. In such cases, the plaintiff's claim was considered legal because he sought to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money. Such claims were viewed essentially as actions

at law for breach of contract (whether the contract was actual or implied).

In contrast, a plaintiff could seek restitution *in equity,* ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. A court of equity could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner. But where the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, [the plaintiff's] claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the [defendant]. Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

Here, the funds to which petitioners claim an entitlement under the Plan's reimbursement provision—the proceeds from the settlement of respondents' tort action—are not in respondents' possession....

*Id.,* 534 U.S. at 213–14 (quotation marks, citations and footnote omitted).

Not surprisingly, PCM points out that, unlike the beneficiary in *Knudson,* defendant has the funds from her lawsuit in her possession and, therefore, the action lies in equity because it seeks only to "restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214. Shortly before oral argument in this case, however, this court issued a decision that forecloses the distinction advanced by PCM. *Community Health Plan of Ohio v.*

*Mosser,* 347 F.3d 619 (6th Cir.2003). In *Mosser,* the insured incurred significant medical expenses when a police officer from the City of Murrysville, Pennsylvania, ran a red light, causing an accident. After he settled a civil suit against the city, his health plan sought to enforce the subrogation provision contained in the policy, which provided as follows:

[The health plan] has a right of recovery against any person, firm or organization for medical, hospital or other health services provided by the Plan to you or your Dependents. This applies to any money recovered by suit, settlement or otherwise. You must cooperate with the plan in all actions necessary to do this. If legal collection costs are incurred on a contingency fee basis, these costs will be deducted before the remaining sum is distributed to the Plan and the Enrollees.

*Mosser,* 347 F.3d at 622. Despite this provision, Mr. Mosser declined to reimburse the plan, which then filed suit under ERISA seeking specific performance and restitution based upon the subrogation provision. Although the district court granted summary judgment in favor of the plan, we reversed and dismissed for lack of subject matter jurisdiction based upon our reading of *Knudson.* Like PCM in the instant case, the plan argued that it sought the kind of equitable remedies that *Knudson* held were cognizable under ERISA. We disagreed and offered the following reasoning in support of our decision:

At oral argument, CHPO [the health plan] argued that subrogation is an equitable remedy, and therefore, its personal liability suit against Mosser is justified. CHPO's claim, however, cannot be considered a subrogation claim. Equitable subrogation, also known as legal subrogation, is an equitable remedy that prevents the unjust enrichment of a defen-

dant-obligor. Restatement (First) of Restitution § 162 (1937); 1 Dan B. Dobbs, Law of Remedies § 4.3(4) (2d ed. 1993) (hereinafter Dobbs). Unjust enrichment is prevented by granting the plaintiff a right to exercise those remedies that the obligee had before the obligation was discharged. *See* Restatement (First) of Restitution § 162 cmt. a; 1 Dobbs § 4.3(4). Applying that remedy here, CHPO would be granted Mosser's rights against the city of Murraysville, not a judgment of personal liability against Mosser. Thus, the nature of equitable subrogation as a remedy, and the parties involved, would not justify judgment against Mosser under § 1132(a)(3).

Nor would CHPO's restitution claim be cognizable under § 1132(a)(3) as a claim for either a constructive trust or an equitable lien. As the *Knudson* court noted, at equity these remedies contemplated a situation in which "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Knudson*, 534 U.S. at 213. CHPO did not, in its complaint, allege that it had given certain funds to Mosser. trace those funds to the settlement funds from Murraysville, allege that Mosser was unjustly enriched by retaining the settlement funds, and seek the return of the settlement funds in Mosser's possession. Rather, CHPO sought "restitution from the Defendant for all covered services." (R.I. Complaint. ¶ 13, J.A. at 9). Thus, the basis of CHPO's claim was not an assertion of the right to possess certain settlement funds, but essentially a claim in contract (actual or implied) to impose personal liability on Mosser. Such a claim is restitution at law and is not within the scope of § 1132(a)(3). *Knudson*, 534 U.S. at 212–13.

As CHPO's claim is outside the scope of § 1132(a)(3), subject matter jurisdiction is not proper under § 1132(e). *See* 29 U.S.C. § 1132. CHPO's claim did not implicate any other ERISA subsection that would permit this action, and federal question jurisdiction does not exist under 28 U.S.C. § 1331 if ERISA does not authorize the suit. *See Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 442 n.6 (5th Cir.2002); *see also Unicare Life & Health Ins. Co. v. Saiter*, 37 Fed.Appx. 17, 172–73 (6th Cir. 2002). Finally, as the parties are not diverse, jurisdiction is not proper under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332.

*Id.*, 347 F.3d at 623–24. (footnotes omitted). We see nothing to distinguish the case now before us from *Mosser*. In both cases, the underlying facts are remarkably similar, as are the legal theories advanced by the insurers who seek to recoup a portion of the benefits they paid from a beneficiary who successfully recovered money damages from a tortfeasor. A panel of this court is bound by the prior published opinions of this circuit unless an inconsistent decision of the United States Supreme Court requires modification of that decision or this court, sitting *en banc*, overrules the prior decision. *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985); 6 Cir. R. 206(c).

For the foregoing reasons, the judgment of the district court is vacated and the cause is dismissed for lack of subject matter jurisdiction.

COLE, Circuit Judge, concurring.

Although I agree that *Community Health Plan of Ohio v. Mosser*, 347 F.3d 619 (6th Cir.2003), deprives us of subject matter jurisdiction. I so conclude on narrower grounds than does the majority. The majority posits that *Mosser* forecloses PCM from highlighting the distinction be-

tween targeting funds in the defendant's possession and targeting funds in the possession of a third party. But the continued relevance to our jurisdiction of this distinction—which the Supreme Court highlighted in *Great–West Life & Annuity Insurance Co. v. Knudson,* 534 U.S. 204, 213–14, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002)—was undisturbed by *Mosser.* Instead, *Mosser* turned on the plaintiff's threshold failure to identify specific funds in the defendant's possession:

> Nor would [plaintiff's] restitution claim be cognizable under § 1132(a)(3) as a claim for either a constructive trust or an equitable lien. As the *Knudson* court noted, at equity these remedies contemplated a situation in which "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." [Plaintiff] did not, in its complaint, allege that it had given certain funds to [defendant], trace those funds to the settlement funds ..., allege that [defendant] was unjustly enriched by retaining the settlement funds, and seek the return of the settlement funds in [defendant's] possession. Rather, [plaintiff] sought "restitution from the Defendant for all covered services." Thus, the basis of [defendant's] claim was not an assertion of the right to possess certain settlement funds, but essentially a claim in contract (actual or implied) to impose personal liability on [defendant].

*Mosser,* 347 F.3d at 624 (internal citations omitted). Because the plaintiff in *Mosser* had not identified specific funds in the defendant's possession, we had no reason to address whether such a claim fell within our jurisdiction.

Like the complaint dismissed in *Mosser,* PCM's complaint does not target funds that are clearly in the defendant's possession. PCM invokes the language of contract: "Plaintiffs seek court enforcement of their interpretation of the contract right of reimbursement obligating Defendant to repay Plaintiffs in full for all paid claims and any additional paid claims from said recovery." And PCM asserts only that "[Carver] obtained a [monetary] verdict against the responsible party." not that Carver continues to possess these funds. (J.A. 19) Subject matter jurisdiction is therefore obviated by *Knudson* and *Mosser.* But *Mosser* would not control this case had PCM alleged that the settlement funds stayed with Carver. Were PCM to so plead, the distinction highlighted in *Knudson*—based on who has possession of the targeted funds—would provide for our jurisdiction.