*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0354p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ELIAS RODRIGUEZ,

*Plaintiff-Appellee,*

*v.*

No. 05-6102

TENNESSEE LABORERS HEALTH AND WELFARE
FUND,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 00-01003—Aleta A. Trauger, District Judge.

Submitted: June 6, 2006

Decided and Filed: September 14, 2006

Before: SILER, CLAY, and McKEAGUE, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:** R. Jan Jennings, Joe Paul Leniski, Jr., BRANSTETTER, STRANCH & JENNINGS, Nashville, Tennessee, for Appellant. Bill Hodde, HODDE & ASSOCIATES, Nashville, Tennessee, for Appellee.

---

**OPINION**

---

McKEAGUE, Circuit Judge. Defendant-appellant Tennessee Laborers Health and Welfare Fund appeals the district court's ruling awarding plaintiff Elias Rodriguez attorney's fees pursuant to 29 U.S.C. § 1132(g). For the reasons that follow, we affirm the district court.

I.

In April of 1999, Elias Rodriguez was injured in an automobile accident. At the time of the accident, Rodriguez was entitled to medical benefits under the Tennessee Laborers Health and Welfare Fund ("the Fund"), an employee benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 ("ERISA"). The Fund paid approximately $238,638 in medical expenses on behalf of Rodriguez. After the claims were paid, the Fund sought to recover, through reimbursement, some of the $116,666 in payments Rodriguez had recovered from third-party insurers as a result of the accident. Thereafter, a dispute arose concerning Rodriguez's

eligibility for benefits paid by the Fund in the first instance.  As a result, Rodriguez filed suit in the Middle District of Tennessee in October of 2000.  In his complaint, Rodriguez stated:

> Pursuant to 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3), Plaintiff seeks equitable relief, including, but not limited to, a declaration of rights under the Plan, against Defendants to establish Plaintiff's rights to his third-party recovery without having to reimburse Defendants, to seek a determination as to Plaintiff's rights to past and future benefits, to enforce ERISA and the terms of the Plan, and to collect attorney fees for Plaintiff's attorney under ERISA.

Complaint, ¶ 21, JA 16.  In December of 2001, the district court entered an interlocutory order, granting Rodriguez judgment concerning his eligibility for coverage, and deciding that the common law "make whole" rule applied to the Fund's reimbursement claim.  The Fund subsequently acknowledged that Rodriguez's third party insurance proceeds had not made him whole. Thereafter, the Fund moved for reconsideration of the order entering judgment for Rodriguez on the eligibility claim, and the district court denied this motion.

On appeal, this court affirmed the district court on all issues raised by the defendants. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949 (6th Cir.), *cert. denied*, 543 U.S. 875 (2004).  Rodriguez then filed a motion for attorney's fees pursuant to 29 U.S.C. § 1132(g).  In February of 2005, the Magistrate Judge awarded Rodriguez attorney's fees in the amount of $181,401.10.  The district court affirmed the award in June of 2005.  This timely appeal followed.

## II.

The Fund brings only one challenge on appeal.  It claims that the district court lacked subject matter jurisdiction under 29 U.S.C. § 1132(a)(3), because Rodriguez brought a claim for declaratory relief not cognizable as equitable relief under ERISA.  According to the Fund, ERISA only provides jurisdiction for equitable claims.  The statute in question, 29 U.S.C. § 1132(a)(3), authorizes a civil action

> by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provisions of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this title or the terms of the plan.

The Fund claims that the district court erred in exercising subject matter jurisdiction pursuant to this statute, because neither part (A) nor part (B) confers jurisdiction over a claim for declaratory relief. According to this rationale, the district court's lack of jurisdiction over the merits of the case precluded the court from awarding attorney's fees.

## III.

We review a district court's exercise of subject matter jurisdiction *de novo*.  *Green v. Ameritech Corp.*, 200 F.3d 967, 972 (6th Cir. 2000).  The Fund argues that under *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), plaintiff's claim for declaratory relief does not fall within the traditional equitable remedies conferred by § 1132(a)(3).  In *Knudson*, the Court ruled that a claim for specific performance of a reimbursement provision brought by Great-West pursuant to 29 U.S.C. § 1132(a)(3) was a legal action not encompassed by the remedial scheme of §1132(a)(3).  "Because petitioners are seeking legal relief – the imposition of personal liability on

respondents for a contractual obligation to pay money – § 502 (a)(3)[1] does not authorize this action." *Knudson*, 534 U.S. at 221.

The Fund argues that because *Knudson* found that §1132(a)(3) encompasses only equitable relief, and because Rodriguez's claim is for declaratory relief not expressly authorized by § 1132(a)(3), the district court lacked subject matter jurisdiction to consider Rodriguez's claim. We find the Fund's argument to be without merit.

In *QualChoice, Inc. v. Rowland*, 367 F.3d 638, 642 (6th Cir. 2004), and *Community Health Plan of Ohio v. Mosser*, 347 F.3d 619, 624 (6th Cir. 2003), this court held that subject matter jurisdiction over a § 1132(a)(3) action existed where the plaintiff sought equitable relief, but did not where the claim was for legal relief. However, in *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515 (6th Cir. 2006), this court ruled that federal courts *do* have subject matter jurisdiction over claims brought under §1132(a)(3), even if those claims are brought for solely legal relief. The *Primax* court stated that "[d]ue to intervening Supreme Court precedent, we reject our prior characterization [in *QualChoice* and *Mosser*] and hold that a district court has subject-matter jurisdiction in such cases, even if the pleading fails to state a claim upon which relief can be granted." *Id.* at 516. We find that our ruling in *Primax* is dispositive of the Fund's jurisdictional challenge here. Although only equitable relief can be granted under § 1132(a)(3)(B), federal subject matter jurisdiction nonetheless exists over claims brought under § 1132(a)(3) for other types of relief as well.

We next examine whether the district court lacked subject matter jurisdiction over plaintiff's § 1132(a)(3) claim seeking declaratory relief because of the nature of the action threatened by the Fund. As the Supreme Court observed in *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 248 (1952), "in many actions for declaratory judgment, the realistic position of the parties is reversed. The plaintiff is seeking to establish a defense against a cause of action which the declaratory defendant may assert in the [state] courts."

The Court then stated the rule governing federal question jurisdiction over declaratory judgment actions: "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, *it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court*." *Id.* (emphasis added). Though this language is dictum in *Wycoff*, the Supreme Court has subsequently reiterated the rule, holding that "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16 (1983) (quoting 10A Charles Wright et al., *Federal Practice and Procedure* § 2767 (2d ed. 1983)) (internal quotations omitted).

The key issue then in determining whether the federal courts have jurisdiction over a claim for declaratory relief is whether the impending or threatened action would raise a federal question. In other words, the question is whether the federal courts would have subject matter jurisdiction over the threatened claim. Here, although the precise content of the threatened claim is uncertain, it is clear that the Fund could have brought suit under § 1132(a)(3) to seek reimbursement.

It is true that in *QualChoice*, this court held that § 1132(a)(3), the same provision under which plaintiff here sought declaratory relief, a benefit plan could obtain restitution only under extremely

---

[1]Section 502(a)(3) of the Employment Retirement Security Act of 1974 is 29 U.S.C. § 1132(a)(3).

limited circumstances.[2] However, plaintiff filed his complaint on October 24, 2000, four years before *QualChoice* and three years before *Mosser*. While this Circuit had not spoken on the issue at that time, other circuits had affirmed the use of § 1132(a)(3) by a plan to seek reimbursement under the benefit agreement. *See, e.g.*, *Blue Cross Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1353 n.5 (11th Cir. 1998); *S. Council of Indus. Workers v. Ford*, 83 F.3d 966, 969 (8th Cir. 1996); *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 615 (7th Cir. 1995). *But see F.M.C. Med. Plan*, 122 F.3d 1258, 1260-61 (9th Cir. 1997) (holding that a claim for reimbursement was legal, not equitable, in nature, and therefore not cognizable under § 1132(a)(3)). Even the Fund recognizes that at the time plaintiff filed his complaint, § 1132(a)(3) arguably provided a vehicle for relief in the form of reimbursement. Defendant's Brief at 1.

We therefore conclude that the relevant threatened claim was in the nature of a claim by the Fund for reimbursement under ERISA, an action over which the federal courts, per the teaching of *Primax*, would have subject matter jurisdiction.[3] It follows that the district court had subject matter jurisdiction over plaintiff's § 1132(a)(3) claim seeking declaratory relief.

The district court properly exercised subject matter jurisdiction over Rodriguez's claim pursuant to §1132(a)(3). Therefore, it also had jurisdiction to award attorney's fees pursuant to § 1132(g). The Fund's only claim of error having thus been rejected, the judgment of the district court must be affirmed.

IV.

Accordingly, the judgment of the district court awarding attorney's fees to plaintiff Rodriguez is **AFFIRMED**.

---

[2]The *QualChoice* court held that a plan's suit to recover reimbursement of third-party insurer payments pursuant to a benefit contract was essentially a contract claim, and did not invoke any form of equitable relief (including equitable restitution) available under § 1132(a)(3). 367 F.3d at 649-50; *see also Mosser*, 347 F.3d at 624 (holding that a suit for restitution of third-party payments is legal unless the beneficiary possesses an "identifiable fund").

[3]The Fund implies that the Supreme Court in *Wycoff* foreclosed jurisdiction over declaratory judgment actions where there is no "evidence" of a "past, pending or threatened action" by the declaratory defendant. Defendant's Brief at 18 (quoting *Wycoff*, 344 U.S. at 240). In fact, the Court held that such evidence would be required to satisfy the "irreparable injury" requirement to obtain an *injunction*. The Court required no such evidence to obtain declaratory relief, which was discussed later in the opinion.

In that context, the Court found relief inappropriate because the declaratory plaintiff "does not request an adjudication that it has a right to do, or to have, anything in particular," nor to foreclose any particular "step" by the declaratory defendant. *Id.* at 244. That is not the case here: plaintiff sought a very particular declaration of his rights, in view of a specific action by the Fund seeking reimbursement. *See* Complaint ¶ 21, JA 16.