NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0112n.06

No. 09-3303

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 19, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| JOHN E. WERNER, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| PRIMAX RECOVERIES, INC.; | ) | THE NORTHERN DISTRICT OF |
| ACS RECOVERY SERVICES, INC, | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY, GILMAN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Plaintiff John E. Werner, Jr. challenges the district court's grant of summary judgment in favor of defendants Primax Recoveries, Inc. and ACS Recovery Services, Inc. (collectively, "Primax"), on his claims under the Employee Retirement Income Security Act ("ERISA") and Ohio common law. We reject his arguments and affirm.

I.

Werner was involved in a traffic accident on June 28, 2002, and required medical treatment for his injuries. He was entitled to healthcare benefits through two different insurers. First, he had an employer-sponsored health-insurance policy through Medical Mutual of Ohio ("Medical Mutual"). Werner also had a motor-vehicle-insurance policy through Progressive Preferred

Insurance Company ("Progressive") that covered up to $5000 in medical-expense benefits (the "Med Pay" coverage).

Werner submitted most of his medical-treatment bills to Medical Mutual. He submitted other bills to Progressive. Both insurers paid the bills directly, rather than reimbursing Werner. The Medical Mutual policy included a subrogation clause. Under that clause, Medical Mutual was entitled to recoup from third parties, including other insurers, benefits that it had paid on Werner's behalf. Medical Mutual entered into a contract with Primax Recoveries—which has since been acquired by ACS Recovery Services—to conduct its recoupment efforts.

On November 27, 2002, Progressive mailed Werner a letter inquiring whether he would be submitting additional bills. Werner responded that he had just undergone surgery and that he would be submitting other bills. He did send one such bill, which Progressive paid. Around this time, Werner also engaged an attorney, C. Michael Piacentino, to manage his personal-injury claim. On January 28, 2003, Progressive sent another letter—this time to Piacentino—inquiring about additional bills. Piacentino responded that he would submit additional bills. There is no indication in the record, however, that either Piacentino or Werner ever did so.

On April 28, 2003, Primax notified Progressive that it was asserting a lien against the unpaid balance of Werner's Med Pay benefits. Progressive attempted to telephone Piacentino regarding the lien, but allegedly received an out-of-service message. Progressive then contacted Werner directly, who stated that he had been receiving collection notices and that he did not know why Piacentino had failed to submit the bills. Progressive also sent Piacentino letters requesting that he forward any bills that he had and informing him of Primax's purported lien. Piacentino never replied.

Meanwhile, Primax sent Progressive two more inquiries, including a demand for reimbursement. Progressive acceded to that demand on August 15, 2003, and sent Primax a check for $3895, which exhausted Werner's benefits under the Med Pay policy. Progressive then sent Piacentino a letter to notify him of its actions.

Soon afterward, one of Werner's medical providers sued him for non-payment. Werner demanded that Progressive seek a refund from Primax. When Progressive refused to do so, he turned to the courts. As part of a personal-injury action against the tortfeasor in his traffic accident, Werner asserted claims against Progressive seeking Med Pay coverage of his treatment bills. Werner's and Progressive's attorneys corresponded in late 2004, and on January 28, 2005, Progressive sent Werner a check for $3895 in an attempt to settle the lawsuit. Werner returned the check because Progressive refused to pay interest on that sum and attorney's fees incurred in defending the suit brought by his provider. Later that year, Werner voluntarily dismissed his claims against Progressive. But Werner sued Progressive again in February 2007, this time in a putative class action. That case ended in summary judgment for Progressive. *Werner v. Progressive Preferred Ins. Co.*, 533 F. Supp. 2d 776 (N.D. Ohio 2008), *aff'd*, 310 F. App'x 766 (6th Cir. 2009).

Werner then sued Primax, even though it had already returned the $3895 to Progressive 20 months earlier. He initially asserted only Ohio common-law conversion and breach-of-contract claims, invoking the district court's jurisdiction over class actions, *see* 28 U.S.C. § 1332(d). He sought damages, prejudgment interest, declaratory and injunctive relief, and attorney's fees, as well as class certification. After Primax filed a summary-judgment motion, asserting that ERISA preempted those state-law claims, Werner amended his complaint to include claims under two of

ERISA's civil-enforcement provisions. He asserted that those claims entitled him to most of the earlier-sought relief, and added a new claim for restitution through a constructive trust or an equitable lien.

The district court granted Primax's summary-judgment motion on mootness and preemption grounds. Werner then filed a motion, which the district court construed as a motion under Fed. R. Civ. P. 59(e) to amend or alter a judgment, asserting that the court had neglected to rule on his ERISA claims. The court denied that motion on standing, mootness, and forfeiture grounds.

This appeal followed.

## II.

Werner challenges the district court's summary-judgment grant to Primax. We review that grant de novo, drawing all reasonable inferences in Werner's favor. *See Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 393 (6th Cir. 2008). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). His numerous assignments of error fall into three general categories.

## A.

Werner asserts several state-law claims against Primax. His legal theories are not particularly clear, but we attempt to summarize them here. First, he claims that Primax converted benefits that he was entitled to under his Med Pay policy when it asserted a lien against them under the Medical Mutual policy's subrogation clause. Second, he claims that Primax breached his insurance contract with Medical Mutual when, acting as Medical Mutual's agent, Primax asserted nonexistent

subrogation rights against Progressive. Third, he claims that he is entitled—under either a tort theory or a contract theory—to prejudgment interest on the Med Pay funds Primax thereby obtained and held for 27 months. Fourth, he claims that he is entitled to attorney's fees as a result of that alleged wrongdoing. And finally, he asserts that Primax routinely asserts the subrogation clause against his and other insureds' Med Pay benefits, and that class certification is therefore appropriate.

These state-law claims are vulnerable on several fronts, but the district court granted summary judgment on the ground that they are all preempted by ERISA. Werner challenges that determination. He recognizes that we have long interpreted ERISA as broadly preempting "most state law claims" that relate to an employee-benefit plan, particularly where—as here—those claims "explicitly refer to such a plan." *See Zuniga v. Blue Cross & Blue Shield of Mich.*, 52 F.3d 1395, 1401 (6th Cir. 1995) (internal citations and quotation marks omitted). Nevertheless, he contends that a pair of recent cases have "somewhat modified" our interpretation. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 463 F.3d 473 (6th Cir. 2006); *Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515 (6th Cir. 2006). But Werner confuses preemption with subject-matter jurisdiction. *Rodriguez* and *Gunter* merely hold that a federal court may have subject-matter jurisdiction over an action brought under ERISA, even though the action seeks relief that itself is not available under the statute. *See Rodriguez*, 463 F.3d at 476; *Gunter*, 433 F.3d at 516.

Here, we need look only at the face of Werner's complaint to determine that it "relate[s] to an employee benefit plan" and is therefore preempted. *See* 29 U.S.C. § 1144(a); *Zuniga*, 52 F.3d at 1401. Under ERISA, the phrase "employee benefit plan" includes employer-sponsored medical insurance policies. 29 U.S.C. § 1002(1) and (3). Werner expressly alleges that "the health insurance

policy pertinent to this action was provided to the representative plaintiff by his employer." (Am. Compl. ¶ 1.) He also alleges that his health insurer paid medical bills on his behalf, (*id.* ¶ 6), and that Primax acted as his insurer's agent in making subrogation claims under the terms of the insurance policy, (*id.* ¶¶ 7-10, 16-17). Each of Werner's state-law claims depends on those allegations, because each claim requires consideration of Primax's actions under the subrogation clause. That dependency more than meets the "relates to" standard in § 1144(a), and thus these claims are all preempted. The district court did not err in concluding as much.

B.

Werner challenges the district court's legal findings on each of his ERISA claims. He initially brought those claims under §§ 502(a)(1)(B) and 502(a)(3) of ERISA, but now concedes that only § 502(a)(3) is applicable here. (Werner's Reply Br. 6.) That section allows a plan participant to seek equitable relief for violations of ERISA or the plan. § 502(a)(3) (codified at 29 U.S.C. § 1132(a)(3)). Werner sought several different types of equitable relief under § 502(a)(3). But the right of action provided by that section, alone, is insufficient to maintain this suit. Werner must first satisfy the requirements for federal jurisdiction under Article III of the United States Constitution. And as the district court recognized, he fails in that regard.

Werner first sought injunctive and declaratory relief. He asked the district court to order Primax to enforce the subrogation clause "according to its terms" and to bar Primax from engaging in future efforts to collect Med Pay funds under the clause. He also asked for a declaration that Primax's collection efforts were "illegal." To have standing to seek an injunction in federal court, however, Werner must show a non-speculative threat that "he will again experience injury as a

result" of the alleged wrongdoing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). And to have standing to seek federal declaratory relief, Werner must "demonstrate actual present harm or the significant possibility of future harm." *See Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (citation omitted).

Werner virtually admits that he cannot meet those requirements personally, given that he "would not seriously contest the lower court's ruling . . . if these requests for judicial relief concerned only Mr. Werner." (Werner's Br. 35). Werner believes that he has standing, nonetheless, because it is Primax's "standard practice" to collect Med Pay funds in this manner and Werner seeks to represent not only himself but an entire class. That belief is mistaken: "The Article III standing requirements apply equally to class actions. The class representative must allege an individual, personal injury in order to seek relief on behalf of himself or any other member of the class." *Sutton v. St. Jude Med. S.C., Inc.*, 419 F.3d 568, 570 (6th Cir. 2005). The district court did not err, then, by concluding that Werner lacked standing to assert these claims.

Werner also sought restitution, asking the district court to impose a constructive trust or an equitable lien on the $3895 that Primax obtained from Progressive. The court found that request to be moot, however, because Primax had returned those funds to Progressive nearly 20 months prior to Werner's filing of this action. Werner argues that the district court erred by assuming that a specific *res* had to be identifiable before it could impose an equitable lien. He relies solely on a passage in *Sereboff v. Mid Atlantic Medical Services, Inc.*, 547 U.S. 356 (2006), in which the Court explained that "strict tracing" of funds is not necessary when an equitable lien is established by an agreement. *See id.* at 364-65. But that reliance is misplaced: Werner has no agreement with Primax

that creates an equitable lien. Rather, he seeks an equitable lien in restitution, i.e., the return of something that he alleges Primax wrongfully took. *Sereboff* expressly distinguishes such claims.

Moreover, *Sereboff* still requires that a request for restitution under § 502(a)(3) target "'particular funds or property *in the defendant's possession.*'" *Id.* at 362 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002) (emphasis added)). Werner does not dispute that Primax returned the $3895 to Progressive. We fail to see why that would not already amount to restitution here, thus mooting the request—unless what Werner actually seeks is possession of the $3895 for himself. But for that, presumably he may now file reimbursement claims with Progressive. Restitution certainly does not require that Primax pay twice. Our review of *Sereboff* also leads us to conclude that Werner's restitution claim is for relief that a court cannot grant under § 502(a)(3), because he seeks legal rather than equitable restitution. *See id.* at 361-62 (distinguishing the two types and explaining that only equitable restitution is available under § 502(a)(3)); Fed. R. Civ. Pro. 12(b)(6). The district court properly granted summary judgment on this claim.

Werner next argues that the district court erroneously found moot his prejudgment-interest claim under ERISA. What the court actually did, however, was expressly reject his ERISA-based argument for prejudgment interest because that argument first appeared in the *reply brief* Werner filed in support of his Rule 59(e) motion. *Werner v. Primax Recoveries, Inc.*, 2009 WL 302311, at *3 n.1 (N.D. Ohio Feb. 9, 2009). The court was well within its authority to do so. "[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477

F.3d 383, 395 (6th Cir. 2007). Similarly, we will not consider the argument on appeal when it was not properly presented to the district court in the first instance. *Armstrong v. City of Melvindale*, 432 F.3d 695, 699-700 (6th Cir. 2006). Thus, Werner's prejudgment-interest claim fails.

Finally, Werner argues that the district court abused its discretion in denying his request for attorney's fees. *See* § 1132(g). In light of his failure to advance an argument upon which we can so much as reach the merits of his claim, we think it obvious that no reasonable court would have granted that request.

## C.

Werner argues that the court erred in resolving his request for class certification. He rather candidly admits that the "primary thrust of this case . . . is for class certification" and that the time and expense of this litigation—not to mention the "economical use of the Court's time"—would not be justified by an award of interest and attorney's fees in Werner's case alone. (Werner's Br. 40-41.) Given that this case represents Werner's second appearance before us attempting to stitch together a class action out of the same set of events, we think it is worth pointing out that, despite his numerous theories about how Primax and Progressive wronged him, it is readily apparent that the fault, if any, lies somewhere else. Had Piacentino coordinated Werner's benefits between the two insurers, timely submitted all of Werner's claims, or even responded to Progressive's numerous attempts to reach him, most of the ensuing "time and expense" would likely have been avoided.

In any event, as explained above, Werner's state-law claims are preempted. His ERISA claims variously fail for lack of standing, mootness, and forfeiture. And because Werner is thus left

No.  09-3303
*Werner v. Primax Recoveries, Inc.*

without a viable individual claim, the issue of class certification is moot.  *See Johnson v. Turner*, 125

F.3d 324, 339 (6th Cir. 1997).

The district court's judgment is affirmed.